**Christian Jacob TETELEPTA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–72145.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 7, 2008.

Christian Jacob Tetelepta, Highland, CA, pro se.

Oliva Tetelepta, Highland, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shirley Lenore Naomy Tetelepta, Highland, CA, pro se.

District Counsel, Office of the District Counsel, Department of Homeland Security, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Christian Jacob Tetelepta, his wife Olivia Tetelepta, and their daughter Shirley Lenore Naomy Tetelepta, are natives and citizens of Indonesia. They petition for review of the Board of Immigration Appeals' decision adopting and affirming an Immigration Judge's ("IJ") order denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

The record does not compel the conclusion that the untimely filing of the asylum application should be excused. *See* 8 C.F.R. § 208.4(a)(5). Accordingly, their asylum claim fails.

With regard to petitioners' claim for withholding of removal, substantial evidence supports the IJ's finding that they have not demonstrated a clear probability of future persecution. *Kotasz v. INS,* 31 F.3d 847, 852 (9th Cir.1994) ("[T]he petitioner cannot simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk ...").

Petitioners failed to establish a CAT claim because they did not show that it was more likely than not that they would be tortured if they returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

